LUCE & COMPANY, LTD., APPELLANTS, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Enter a Cautionary Notice.

No. 470.—Decided December 14, 1920.

RECORD OF TITLE — CAUTIONARY NOTICE — PROHIBITION TO ALIENATE — JURISDICTION.—An order for the entry in a registry of a cautionary notice prohibiting the alienation of real property or real rights should be issued by the court of the district in which the registry is situated, at the instance of the interested party, although the prohibition to alienate may have been ordered by another court. This is required by article 97 of the Mortgage Law Regulations which has not been repealed by the Code of Civil Procedure.

ID.—ID.—CURABLE DEFECT.—When a complaint is the basis for the entry in a registry of a notice prohibiting alienation, failure to copy the complaint literally into the order directed to the registrar is a curable defect.

The facts are stated in the opinion.

Mr. J. Tous Soto for the appellants.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In a civil action brought in the District Court of Ponce by Luce & Company, Ltd., against María de los Dolores and Aurora Lugo Viña y Danzo and others for the performance of a contract for the purchase and sale of a rural property, the said court, on motion of the plaintiffs and after bond was given for $10,000, entered an order enjoining the defendants from alienating the property in litigation during the pendency of the action and until further order of the court to any person except the plaintiffs, and directing also that a writ issue to the Registrar of Property of Guayama for the entry of the said order in the registry.

The writ having issued to the Registrar of Property of Guayama for recording the prohibition to alienate, because it referred to interests in a sugar plantation situated in the ward of Machetes of the municipality of Guayama where the plantation was recorded, the registrar refused to make the entry because the writ was not issued by order of the District Court of Guayama, where the registry as well as the property in litigation was situated, as required by article 97 of the Mortgage Law Regulations and section 75 of the Code of Civil Procedure, a cautionary notice of that refusal being entered for the time fixed by law with the curable defect of failure to insert literally in the writ the complaint or other document which gave rise to the restraining order.

The decision of the registrar is dated June 30, 1920, and was appealed from to this court by Luce & Company, Ltd.

Article 97 of the Regulations for the Execution of the Mortgage Law reads as follows:

"Article 97.—Any cautionary notice which can not be entered except upon the order of a court shall be made by virtue of the presentation to the registrar of the order of the judge or court

containing a true copy of the decree ordering it, its date and the document or documents upon which said notice is based.

"The order shall always be issued by the judge or court within the district in which is situated the registry in which the cautionary notice is to be entered, to whom other judges or courts shall address letters rogatory requesting the issue of the orders when the registry is not situated in their respective. districts." (War Department translation).

A cautionary notice of prohibition to alienate real property comes within subdivision 4 of article 42 of the Mortgage Law and can be entered only on the order of a court; therefore there should be presented in the registry a writ issued by the court of the district in which the registry is situated. Undoubtedly the prohibition to alienate must be ordered by the court having jurisdiction of the action wherein it is requested, but if the property is situated within the district of another court, that court must issue the writ for its entry in the registry on application by the party to the court before which the case is pending.

For its relation to the matter now under consideration, see our decision in the case of *Benet* v. *Hernández*, 22 P. R. R. 323.

The article of the Regulations quoted is applicable notwithstanding the adoption of the Code of Civil Procedure, for it contains a rule of procedure affecting the functioning of the registrars, who are governed by the Mortgage Law and its Regulations.

Section 75 of the Code of Civil Procedure is not applicable to this case.

As regards the curable defect of the failure to copy literally into the writ the document or documents upon which the cautionary notice was based, the appellant himself admits that article 72 of the Mortgage Law requires that cautionary notices which owe their origin to writs of attachment or sequestration shall state the cause which may have given rise thereto, and as in this case only the complaint

appears to have given rise to the cautionary notice, it is logical that the complaint must be copied literally into the writ for that reason.

The decision appealed from must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.